IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Case No. 25-cr-315-LLA |
| ALONZO HINNANT | * |
| | * |
| Defendant. | * |

## MOTION TO SUPPRESS FRUITS OF RESIDENTIAL SEARCH WARRANT

Defendant Alonzo Hinnant, by and through counsel, Michael E. Lawlor, and Brennan, McKenna & Lawlor, Chtd., respectfully moves to suppress the fruits of, and any evidence derived from, the execution of the February 26, 2025 Superior Court warrant to search the residence at Apartment 103, 4313 Wheeler Road, Southeast. Mr. Hinnant respectfully requests an evidentiary hearing on this Motion.

1. Mr. Hinnant is charged by way of Indictment with the following offenses: possession with intent to distribute a mixture and substance containing cocaine base, fentanyl, and methyl fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One; offense date of March 4, 2025); using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two; offense date of March 4, 2025); and carrying a pistol without a license (outside home or place of business), in violation of 22 D.C. Code § 4504(a)(1) (Count Three; offense date of April 29,

1

2025). (Indictment, ECF No. 15.) As is evident from the Indictment, the charges in this case relate to two separate incidents. Counts One and Two concern the March 4, 2025 execution of a Superior Court warrant to search Apartment 103 of 4313 Wheeler Road in Southeast, D.C. Count Three relates to the April 29, 2025 warrantless arrest of Mr. Hinnant by members of MPD in the parking lot of 832 Barnaby Street, Southeast, D.C.

2.  On February 26, 2025, MPD Officer Nicholas Damron applied for and received a warrant to search the residence at Apartment 103, 4313 Wheeler Road, Southeast. *See* Ex. A. On March 4, 2025, officers executed the search warrant. Mr. Hinnant was the only person present at the apartment when officers arrived to conduct the search. From the apartment, officers seized, among other items, a firearm, cell phones, and suspected drugs. At this time, Mr. Hinnant moves to suppress the fruits of the residential search warrant as well as any evidence derived therefrom.[1]

---

[1] With respect to standing, it is well established "that social guests may have standing to challenge an entry into another's home." *United States v. Robinson*, No. 1:20-cr-00214 (CJN), 2021 U.S. Dist. LEXIS 123513, at *10 (D.D.C. July 1, 2021). The record in this case demonstrates that Mr. Hinnant has a "meaningful connection" to Apartment 103, even though it may not have been his primary residence. *Id.* (internal citation and quotation omitted). For example, the Government's detention memorandum states that Mr. Hinnant was frequently present at the apartment building. At the apartment, Mr. Hinnant maintained a prayer rug for religious use. Moreover, the body-worn camera footage reflects Mr. Hinnant's familiarity with a neighbor, who offered to care for the dogs located inside of the apartment. Mr. Hinnant was *the only person present* in the apartment at the time of the execution of

2

3. First, the warrant fails the particularity requirement of the Fourth Amendment because it does not set forth any specific offense as to which the officer purportedly established probable cause. *See, e.g.*, *United States v. Galpin*, 720 F.3d 436, 445-46 (2d Cir. 2013); *In re Search of*, 317 F. Supp. 3d 523, 527 n.3 (D.D.C. 2018) (Harvey, Mag. J.) (citing *Galpin*, 720 F. 3d at 446). The affidavit in support of the warrant states that "[t]he purpose of the requested search warrant is to seize evidence relevant to a violation of, among other laws, District of Columbia Criminal Code, Section 45." The "PROBABLE CAUSE" section of the affidavit does not list any specific offense as to which there is probable cause to believe evidence would be found in Apartment 103. The warrant itself authorizes officers to search for "[f]irearms, ammunition, firearm accessories, and proof of residency[,]" "WHICH IS in violation of <u>District of Columbia Criminal Code, Section 45</u>[.]" "District of Columbia Criminal Code, Section 45" does not exist. The D.C. code is separated into Divisions, Titles, Subtitles, Chapters, and Sections. Title 22 addresses criminal offenses and penalties. There is no "Section 45" in Title 22. And while Title 22 does contain Chapter 45, which addresses weapons and possession of weapons, that Chapter contains a host of sections and subsections setting forth many individual offenses.

---

the search warrant. These factors more than establish standing.

4. An improper citation to the chapter of Title 22 that contains nearly *all DC firearms offenses* falls far short of identifying with particularity the specific criminal offense as to which there is probable cause to believe that evidence will be found in a residence. That is especially so in light of the fact that the Constitution protects the right of people to keep firearms in their homes. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Because it fails to identify with specificity a particular offense as to which officers had established probable cause, the warrant represents an impermissible general warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). A warrant that authorizes officers to search a home for evidence of hypothetical violations of every single firearms offense in the District (with no showing of probable cause as to those speculative violations) does not pass constitutional muster.

5. The good faith exception does not save this warrant. The D.C. Circuit has declined to apply that exception to overbroad and unparticularized warrants. *See United States v. Griffith*, 867 F.3d 1265, 1278 (D.C. Cir. 2017). Here, the affidavit and warrant are so deficient as to preclude good-faith reliance. Neither the affidavit nor the warrant identifies any specific offense as to which there was probable cause. Instead, the warrant and affidavit incorrectly cite a chapter of the D.C. code that itself contains a myriad of firearms offenses. On their face, the warrant and affidavit authorized a generalized rummaging through a residence for evidence of

hypothetical gun crimes. Under an objective standard, the affidavit fell far short of justifying the search of the apartment.

6. Second, even if the Court does not suppress the fruits of the search warrant as a result of the failure to identify with any specificity the particular offense as to which probable cause had been established, the Court should suppress the fruits of the residential search warrant to the extent officers exceeded its scope. "When investigators fail to limit themselves to the particulars in the warrant, both the particularity requirement and the probable cause requirement are drained of all significance as restraining mechanisms, and the warrant limitation becomes a practical nullity. Obedience to the particularity requirement both in drafting and executing a search warrant is therefore essential to protect against the centuries-old fear of general searches and seizures." *United States v. Heldt*, 668 F.2d 1238, 1257 (D.C. Cir. 1981). Moreover, the D.C. Circuit has "recognize[d] that in some cases a flagrant disregard for the limitations in a warrant might transform an otherwise valid search into a general one, thereby requiring the entire fruits of the search to be suppressed." *Id*. at 1259. Here, the warrant authorized officers to seize "[f]irearms, ammunition, firearm accessories, and proof of residency." The warrant *did not* authorize the seizure of electronic devices, such as cell phones. Nonetheless, officers disregarded the terms of the warrant and seized two iPhones located inside of the apartment and one flip phone located on Mr. Hinnant's person. In light of the flagrant

5

violation of the scope of the warrant, suppression of the entire fruits of the warrant is justified. At a minimum, the Court should suppress evidence of the cell phones seized in violation of the scope of the residential search warrant.[2]

7. For the reasons set forth above and those to be presented at an evidentiary hearing, the Court should suppress the fruits of the residential search warrant and any evidence derived therefrom.

Respectfully submitted,

/s/
_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@brennanmckenna.com

---

[2] Additionally, "[t]he good faith exception does not apply when officers fail to comply with express limitations in the warrant." *United States v. Brown*, 125 F.4th 1186, 1206 (D.C. Cir. 2025).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2025, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

/s/

_____
Michael E. Lawlor